## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TEVIN ROBERTS,

    Plaintiff,

v.                             CASE NO.:

SC PROTECTION & SECURITY
AGENCY LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TEVIN ROBERTS, by and through undersigned counsel, brings this action against Defendant, SC PROTECTION & SECURITY AGENCY LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims for unpaid wages under Florida common law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Volusia County, Florida.

## PARTIES

5. Plaintiff is a resident of Volusia County, Florida and worked for Defendant in Volusia County, Florida.

6. Defendant operates a security services company in Volusia County, Florida.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13.     At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

14.     At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

15.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

**FACTS**

16.     Plaintiff was employed by Defendant as a laborer from March 9, 2023, through July 23, 2023.

17.     Throughout the course of employment, Plaintiff was supposed to be compensated at an hourly rate of fifteen dollars ($15) per hour.

18.     Plaintiff regularly worked more than forty (40) hours per week for Defendant, averaging one hundred five (105) hours per week.

19.     Plaintiff was entitled to be compensated for overtime hours worked in excess of forty (40) hours per week at a rate equal to one and one-half times his regular hourly rate, as required by the Fair Labor Standards Act (FLSA).

20.     Defendant failed to pay Plaintiff an overtime premium for all overtime hours that he worked, in violation of the FLSA.

21.     Defendant also failed to pay Plaintiff any wages for work performed in May, June, and July 2023 (through July 23, 2023), resulting in unpaid regular wages.

22. Plaintiff's unpaid wages constitute "wages" under Florida common law.

23. Defendant's failure to pay the agreed-upon regular wages for work performed by Plaintiff, as well as the required overtime premium for hours worked beyond forty (40) per week, constitutes a violation of Plaintiff's rights under both the FLSA and Florida common law.

24. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. During the statutory period, Plaintiff worked for Defendant, and was not paid a minimum wage for the hours that he worked, as mandated by the FLSA.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

4

c)   An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)   A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)   All costs and attorney's fees incurred in prosecuting these claims; and

g)   For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

29.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

30.   During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

31.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32.   As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)   Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

5

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

34. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for Plaintiff's services.

35. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff.

36. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

6

c)  Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d)  All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

e)  For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of March, 2024.

Respectfully submitted,

_____
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-321-4086
Facsimile No.: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**